Michael Geary Wilson
818 Tampico, Walnut Creek, CA 94598
(925) 270-6017
michaelgearywilson@hotmail.com
PRO SE PLAINTIFF

**FILED**

OCT 2 4 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

## United States District Court

## Northern District of California

| | |
|---|---|
| MICHAEL GEARY WILSON, | Case Number: **C14- 4726** |
| Plaintiff, | **COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| FLORIDA DEPARTMENT OF REVENUE; CALIFORNIA HEALTH AND HUMAN SERVICES AGENCY; and DOES 1-50 *in their official and/or individual capacities, if natural persons*. | |
| Defendants. | |

JCS

COMPLAINT FOR DAMAGES

# TABLE OF CONTENTS

Page

PARTIES.................................................................................................................................1

   PLAINTIFF ...........................................................................................................................1

   MONELL DEFENDANTS.........................................................................................................1

   UNIDENTIFIED DEFENDANTS................................................................................................1

SUBJECT MATTER JURISDICTION AND VENUE ......................................................1

PERSONAL JURISDICTION .............................................................................................2

FACTUAL BASIS FOR CLAIMS........................................................................................2

      A.   PLAINTIFF'S Child Support Obligations Ended On June 13, 2011 ........................... 2

      B.   The Defendants Are Acting Unlawfully and Harming PLAINTIFF ........................... 3

CLAIMS FOR RELIEF .........................................................................................................7

   *FIRST CLAIM FOR RELIEF*

   (Violations of 42 U.S.C. § 1983)............................................................................. 7

   *SECOND CLAIM FOR RELIEF*

   (Violations of BANE ACT (CAL. CIVIL CODE § 52.1))......................................... 8

   *THIRD CLAIM FOR RELIEF*

   (Violations of Unruh Civil Rights Act (CAL. CIVIL CODE, §§ 51, 52)) ................ 9

   *FOURTH CLAIM FOR RELIEF*

   (Intentional Infliction of Emotional Distress)........................................................ 9

   *FIFTH CLAIM FOR RELIEF*

   (Intentional Interference with Contractual Relations—KFHP)............................10

   *SIXTH CLAIM FOR RELIEF*

   (Intentional Interference with Contractual Relations—BoA)..............................10

   *SEVENTH CLAIM FOR RELIEF*

   (Fraud)...................................................................................................................11

   *EIGHTH CLAIM FOR RELIEF*

   (Defamation).........................................................................................................12

*NINTH CLAIM FOR RELIEF*

(Negligence) .......................................................................................................................13

*TENTH CLAIM FOR RELIEF*

(Trespass to Chattels) .......................................................................................................13

*ELEVENTH CLAIM FOR RELIEF*

(Civil Conspiracy) .............................................................................................................15

*TWELFTH CLAIM FOR RELIEF*

(*Monell* Violations of 42 U.S.C. § 1983) .....................................................................16

*THIRTEENTH CLAIM FOR RELIEF*

(Request for Declaratory Judgment That PLAINTIFF Does Not Have a Child Support Obligation

Toward Grace) ...................................................................................................................17

*FOURTEENTH CLAIM FOR RELIEF*

(Request for Injunction and Declaratory Judgment Pursuant to California CCP § 526a) .................18

**PRAYER FOR RELIEF** ....................................................................................................**19**

**DEMAND FOR JURY TRIAL** .........................................................................................**19**

**APPENDIX A** .......................................................................................................................**20**

(Certified Copy of a California Court Order Entered October 24, 2011 Confirming the

Enforceability in California of an Attached Florida Court Order Entered June 13, 2011

Terminating PLAINTIFF'S Parental Rights)

Plaintiff, MICHAEL GEARY WILSON, files this Complaint against all Defendants, and each of them, **demands a jury trial** of all facts, issues and causes of action, and alleges as follows:

**PARTIES**

**Plaintiff**

1.     At all material times relevant to this compliant, Plaintiff MICHAEL GEARY WILSON ("PLAINTIFF") is and was a California resident, residing in the City of Walnut Creek, California, County of Contra Costa. PLAINTIFF is a citizen of California.

***Monell* Defendants**

2.     Plaintiff is informed and believes that at all times herein mentioned Defendant FLORIDA DEPARTMENT OF REVENUE ("FDOR") is a public entity primarily located at 5050 W. Tennessee Street, Building L Tallahassee, FL 32399-0195 and the public employer of several unidentified Defendants. Defendant FDOR is a citizen of Florida.

3.     Plaintiff is informed and believes that at all times herein mentioned Defendant CALIFORNIA HEALTH AND HUMAN SERVICES ("CHHS") is a public entity primarily located at 1600 Ninth Street, Room 460, Sacramento, California 95814 and the public employer of several unidentified Defendants. Defendant CHHS is a citizen of California.

**Unidentified Defendants**

4.     The true names and capacities of the defendants sued as DOES 1 through 50, inclusive, whether individual, private company, public entity, corporate, associate, agents, or otherwise, are unknown to PLAINTIFF as the real names are not ascertainable or known to PLAINTIFF because the relevant information has not yet been disclosed. DOES Defendants are sued under fictitious names pursuant to *Anderson v. Allstate Ins. Co.* (9th Cir. 1980) 630 F.2d 677). PLAINTIFF is informed and believes that each of the DOE defendants is a citizen of the United States and was responsible in some way for the occurrences and injuries alleged in this complaint, acted as an agent or employee of the other defendants and ratified the conduct of other defendants.

**SUBJECT MATTER JURISDICTION AND VENUE**

5.     This court has original subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332 and 1343.

10/23/2014

MICHAEL GEARY WILSON v. FLORIDA DEPARTMENT OF REVENUE et al.
COMPLAINT FOR DAMAGES

Page 1 of 20

1    6.      The action arises under the Constitution and laws of the United States, including the First,

2    Fourth, Fifth and Fourteenth Amendments to the United States Constitution as well as other federal law,

3    and involves federal claims under 42 U.S.C. § 1983 and § 1988.

4    7.      The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

5    costs, and is primarily between citizens of different states.

6    8.      PLAINTIFF'S state law claims arise out of the same case or controversy as its federal

7    law claims, as all claims in this action arise out of a common nucleus of operative facts. Thus, 28 U.S.C.

8    § 1367 provides this Court with supplemental jurisdiction over Plaintiff's state law claims.

9    9.      Venue is proper in this District under 28 U.S.C. § 1391(b)(2), as a substantial number of

10   the events giving rise to this action occurred in this District.

11                           **PERSONAL JURISDICTION**

12   10.     Exercise of jurisdiction over Defendants CHHS and some DOES is reasonable and proper

13   in this District because they are citizens of California, and conduct their relevant activities here. Through

14   their activities in California, Defendants CHHS and some DOES have harmed PLAINTIFF, working

15   closely with each other and the out-of-state Defendants in this enterprise. For PLAINTIFF'S claims for

16   violations of California state law, exercise of jurisdiction over Defendant CHHS and some DOES is

17   proper pursuant to California Code of Civil Procedure ("CCP") § 410.10.

18   11.     Out-of-state Defendants FDOR and some DOES are all residents of the United States.

19   For PLAINTIFF'S claims under California state law, exercise of jurisdiction over the out-of-state

20   Defendants is proper pursuant to CCP § 410.10. Through their agents and co-conspirators, the out-of-

21   state Defendants have transacted and continue to transact business in the State of California, and there is

22   a substantial nexus between their purposeful availment of the California forum and PLAINTIFF'S

23   claims. Such exercise of jurisdiction combined with that described above will enable all of the

24   Defendants to be tried together.

25                           **FACTUAL BASIS FOR CLAIMS**

26   A.    **PLAINTIFF'S Child Support Obligations Ended On June 13, 2011**

27   12.     Termination of Parental Rights ("TPR") does "not simply [] infringe upon [the parent's]

28   interest," "but [] end[s] it" and, thus "work[s] a unique kind of deprivation." "Unlike other custody

1    proceedings, it leaves the parent with no right to visit or communicate with the child, to participate in, or

2    even to know about, any important decision affecting the child's religious, educational, emotional, or

3    physical development." *Lassiter v. Department of Social Servs. of Durham Cty.*, 452 US 18 (1981)

4    and/or any of the 4,262 cases and counting nationwide that have cited it to date.

5      13.     On or about June 13, 2011, a Florida Court entered a TPR order against PLAINTIFF

6    toward his only child, Grace Caroline Wilson ("Grace"), whose date of birth is March 9, 2004.

7      14.     On or about October 24, 2011, a California Court, through its own order, confirmed the

8    enforceability in California of the Florida TPR order. A certified copy of that California order, which

9    includes a certified copy of the Florida TPR order, is included in APPENDIX A.

10      15.     According to the relevant law, PLAINTIFF'S "obligation to provide child support ended

11    when the court terminated his parental rights." (See, e.g., *Ponton v. Tabares*, 711 So. 2d 125 - Fla: Dist.

12    Court of Appeals, 3rd Dist. (1998); *JL v. GL*, 863 So. 2d 428 - Fla: Dist. Court of Appeals, 4th Dist.

13    (2003).)

14    **B.     The Defendants Are Acting Unlawfully and Harming PLAINTIFF**

15      16.     Since about April 2012, Defendant FDOR, by and through its unidentified employees and

16    agents, has stolen thousands and thousands of dollars from PLAINTIFF, committed mail and/or wire

17    fraud against him, defamed him and intentionally interfered in his business relationships under the

18    pretext of collecting child support payments, which are not due from PLAINTIFF.

19      17.     PLAINTIFF had a contractual relationship with his then-employer, Kaiser Foundation

20    Health Plan, Inc. ("KFHP").

21      18.     Certain employees of Defendant FDOR knew of PLAINTIFF'S contractual employment

22    relationship with KFHP.

23      19.     Those employees intended to disrupt the performance of that contract, and their conduct

24    prevented performance or made performance more expensive or difficult.

25      20.     Since about June 2014, Defendants FDOR and CHHS, by and through their unidentified

26    employees and agents, have worked together to steal hundreds of dollars from PLAINTIFF, committed

27    mail and/or wire fraud against him, defamed him, harassed and intimidated him and intentionally

28

1  interfered in his business relationships under the pretext of collecting child support payments, which are
2  not due from PLAINTIFF.

3      21.    PLAINTIFF has a contractual relationship with Bank of America ("BoA").

4      22.    Certain employees of Defendant CHHS knew of PLAINTIFF'S contractual employment
5  relationship with BoA.

6      23.    Those employees intended to disrupt the performance of that contract, and their conduct
7  prevented performance or made performance more expensive or difficult.

8      24.    Defendants FDOR and CHHS, by and through their unidentified employees and agents,
9  have refused PLAINTIFF'S multiple demands to cease and desist their wrongdoing, which has harmed
10  and continues to harm PLAINTIFF.

11      25.    Defendants FDOR and CHHS, by and through their unidentified employees and agents,
12  have acted and are acting knowingly, intentionally, willfully and maliciously.

13      26.    All of the Defendants who have participated in or otherwise caused, approved or ratified
14  the foregoing unlawful acts, did so in disregard of their actual knowledge that PLAINTIFF had no child
15  support obligation toward his former daughter, Grace, after June 13, 2011.

16      27.    In addition to violations of constitutional and federal law, the relevant activities by the
17  unidentified Defendants employed by and/or associated with Defendant CHHS violate the California
18  Penal Code (CPC) as follows (attempts and aiding/abetting are incorporated into the meaning of each
19  violation):

20          a.  §§ 132 & 133, FABRICATING EVIDENCE;

21          b.  § 136.1(b)(1); CPC §§ 136.1(c)(1),136.1(c)(2) AND/OR 137(b) or (c), INFLUENCING,
22              INTIMIDATING OR THREATENING A WITNESS, VICTIM, OR AN INFORMANT;

23          c.  § 518, EXTORTION;

24          d.  § 182(a)(1), (2) & (5), CONSPIRACY;

25          e.  violations of the CPC, if any, that pertain to other rights protected by the California
26              Constitution (e.g., to petition the government for redress of grievances, etc.); and/or

27          f.  any other CPC violation that may be supported by the allegations of this complaint.

28

1      28.    Defendants thereby caused PLAINTIFF to experience symptoms associated with his
2  disabilities.

3      29.    On information and belief, employees and/or associates of Defendant CHHS knew of
4  PLAINTIFF'S disabilities before April 2012.

5      30.    On information and belief, employees and/or associates of Defendant CHHS knew of
6  PLAINTIFF'S disabilities before June 2014.

7      31.    Certain unidentified employees and/or associates of Defendant CHHS published false
8  statements about PLAINTIFF that they knew or should have known were false and/or in reckless
9  disregard for the truth and/or otherwise painted PLAINTIFF in a false light with other employees of
10 Defendant CHHS and members of the public.

11     32.    Defendants conspired to chill, frustrate, deny and/or retaliate against PLAINTIFF'S
12 exercise of his rights to protect himself from fraud, extortion, speak and gather information about
13 governmental activities free from prior restraint and viewpoint and/or other discrimination, petition the
14 government for redress of grievances, due process and equal protection under law.

15     33.    Defendants' unlawful actions have infringed on many of PLAINTIFF'S liberty interests,
16 including prohibiting him from travelling internationally.

17     34.    Because the Defendants knew or should have known about the TPR order regarding
18 PLAINTIFF before they began their aforementioned campaign against him, they are not immune from
19 liability for the damage it has done.

20     35.    Defendants FDOR and CHHS had and have obligations to train and supervise their
21 employees, especially those with power to make and execute policy, to assure that they complied with
22 the state and federal law in performing their duties. Defendants FDOR and CHHS did not properly train
23 or supervise their employees to assure that they complied with these laws.

24     36.    Defendants FDOR and CHHS had and have policies and/or customs of indifference to
25 misconduct by their employees by failing to properly investigate complaints of misconduct and to
26 discipline them.

27
28

1   37. Defendants FDOR and CHHS also had policies and/or customs of tolerating a "code of

2 silence" in which their employees understood that they were not to report or investigate misconduct by

3 each other.

4   38. On information and belief, Defendant CHHS has also developed a custom of:

5    a. making it difficult for citizens to file complaints about the conduct of its employees;

6    b. breaching the confidentiality of citizens' confidential complaints;

7    c. enabling retaliation against and intimidation of citizens who file complaints; and

8    d. performing negligent and/or sham investigations of citizens' complaints.

9   39. Defendants FDOR and CHHS had obligations to discipline their employees when they

10 failed to comply with state and federal law in performing their duties. Defendant CHHS did not

11 discipline employees for acting against people engaging in activities in and around public buildings that

12 are protected by the California Constitution and/or the United States Constitution, including speaking,

13 gathering and recording information about governmental activities free from prior restraint and

14 viewpoint and/or other discrimination, petitioning the government for redress of grievances, and seeking

15 equal protection under law. This made its employees, including Defendants, feel free to

16 unconstitutionally harass and intimidate people for said protected activities.

17   40. Based on the foregoing and following evidence as well as information and belief that

18 further evidence will be discovered, Defendants FDOR and CHHS, by various means such as cover-ups,

19 sham investigations, unlawfully blocking access to its buildings and/or resources and other retaliatory

20 actions, maintains and supports policies and practices of harassment and intimidation, defamation,

21 discrimination on the basis of disabilities and other wrongs that harm people its employees target,

22 including PLAINTIFF.

23   41. Defendants' actions were taken with willful inhumanity and reckless disregard for

24 PLAINTIFF'S state and federal constitutional and statutory rights as well as his health.

25   42. On information and belief, several Defendant DOES were both policy makers on behalf

26 of Defendant CHHS and part of the foregoing conspiracy so the acts of their co-conspirators are

27 attributable to them.

28

43.     On or about August 19, 2014, PLAINTIFF attempted to lawfully exercise his aforementioned rights and vindicate his aforementioned liberties at an office of Defendant CHHS. PLAINTIFF was harmed as a result of the unidentified Defendants' actions and inaction, which was sanctioned by the top supervisor in the department. He was shocked that the Defendants abused him as they did. As a direct result of the Defendants' misconduct on August 19, 2014 and thereafter, PLAINTIFF has suffered emotional distress; he has been preoccupied with the denial of his rights. He has been upset and had trouble sleeping. His health has deteriorated. PLAINTIFF knew he had not violated the law, but he worried that some false charge and/or a conviction on his record would prevent him from vindicating his rights and resuming his career as a leader in his field. He could not afford to hire an attorney to help him restore his civil and other rights that Defendants deprived him of on August 19, 2014.

44.     Defendants have severely chilled PLAINTIFF of his First Amendment activities.

45.     PLAINTIFF was looking for work at the time of Defendants' foregoing acts. His job search has been hampered because of them.

46.     PLAINTIFF has suffered further harm as Defendants have continued to retaliate against him because of his formal complaints about their misconduct.

47.     Some Defendants, including some DOES, had the power and obligation to intervene and protect PLAINTIFF from crimes, violations of his civil and other rights as well as other harm by other Defendants, but they failed to do so.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

#### (Violations of 42 U.S.C. § 1983)

#### (Against All Individual Defendants)

48.     PLAINTIFF realleges and incorporates herein by reference each and every foregoing paragraph of this Complaint as if set forth in full.

49.     PLAINTIFF complains and alleges this cause of action against all Individual Defendants.

50.     Individual Defendants deprived PLAINTIFF of his clearly established rights to freedom of speech (e.g., protections against viewpoint discrimination, protection of gathering and recording

1   information about government activities, etc.) and to petition the government for redress of grievances

2   under the First Amendment to the United States Constitution, to freedom from threatened arrest, seizure

3   and search without probable cause under the Fourth Amendment to the United States Constitution, to

4   freedom from deprivation of liberty and property without due process of law, including such deprivation

5   by means of threatened false arrest, under the Fifth Amendment to the United States Constitution as

6   applied under the Fourteenth Amendment, and his fundamental liberty interest in the care, custody, and

7   management of his child, which is protected by the Fourteenth Amendment. They also perpetrated

8   crimes against PLAINTIFF under 18 U.S.C. § 241: CONSPIRACY AGAINST RIGHTS; 18 U.S.C. §

9   242: DEPRIVATION OF RIGHTS UNDER COLOR OF LAW; 18 U.S.C. § 371: CONSPIRACY; 18

10   U.S.C. § 1503(A): OBSTRUCTION OF JUSTICE; 18 U.S.C. § 1512: TAMPERING WITH A

11   WITNESS, VICTIM, OR AN INFORMANT; 18 U.S.C. § 1513: RETALIATING AGAINST A

12   WITNESS OR VICTIM; and 18 U.S.C. § 2(A): AIDING AND ABETTING. They also committed civil

13   wrongdoing against PLAINTIFF under 42 U.S.C. § 12132: DISCRIMINATION and other provisions of

14   the Americans with Disabilities Act (ADA) as amended.

15       51.   As a direct and proximate result of Defendants' actions, PLAINTIFF suffered the

16   damages described above.

17                 **SECOND CLAIM FOR RELIEF**

18           **(Violations of BANE ACT (CAL. CIVIL CODE § 52.1))**

19                 **(Against All Individual Defendants)**

20       52.   PLAINTIFF realleges and incorporates herein by reference each and every foregoing

21   paragraph of this Complaint as if set forth in full.

22       53.   PLAINTIFF complains and alleges this cause of action against all Individual Defendants.

23       54.   PLAINTIFF alleges that the Individual Defendants, in carrying out the conduct as

24   described in this complaint, violated the Bane Act (California Civil Code § 52.1) by interfering with

25   and/or attempting to interfere with PLAINTIFF'S exercise and enjoyment of his rights as secured by the

26   United States Constitution, California Constitution and common law and statutory rights, including

27   protection from discrimination on the basis of his disabilities or economic status and protection from the

28   following state crimes: CPC § 518, EXTORTION; CPC § 136.1(b)(1); CPC §§

1  136.1(c)(1),136.1(c)(2)AND/OR 137(b) or (c): INFLUENCING, INTIMIDATING OR

2  THREATENING A WITNESS, VICTIM, OR AN INFORMANT; CPC § 182(a)(1), (2) & (5):

3  CONSPIRACY.

4      55.    As a direct and proximate result of Defendants' violations of § 52.1, PLAINTIFF

5  suffered the damages described above.

6  **THIRD CLAIM FOR RELIEF**

7  **(Violations of Unruh Civil Rights Act (CAL. CIVIL CODE, §§ 51, 52))**

8  **(Against All Individual Defendants)**

9      56.    PLAINTIFF realleges and incorporates herein by reference each and every foregoing

10  paragraph of this Complaint as if set forth in full.

11      57.    PLAINTIFF complains and alleges this cause of action against all Individual Defendants.

12      58.    PLAINTIFF alleges that the Individual Defendants, in carrying out the conduct as

13  described in this complaint, violated the Unruh Civil Rights Act (California Civil Code §§ 51 and 52) by

14  interfering with and or attempting to interfere with PLAINTIFF'S exercise and enjoyment of his rights

15  as secured by the United States Constitution, California Constitution and common law and statutory

16  rights, including protection from discrimination on the basis of his disabilities or economic status and

17  protection from the following state crimes: CPC § 518, EXTORTION; CPC § 136.1(b)(1); CPC §§

18  136.1(c)(1),136.1(c)(2)AND/OR 137(b) or (c): INFLUENCING, INTIMIDATING OR

19  THREATENING A WITNESS, VICTIM, OR AN INFORMANT; CPC § 182(a)(1), (2) & (5):

20  CONSPIRACY.

21      59.    As a direct and proximate result of Defendants' violations of §§ 51 and 52, PLAINTIFF

22  suffered the damages described above.

23  **FOURTH CLAIM FOR RELIEF**

24  **(Intentional Infliction of Emotional Distress)**

25  **(Against All Individual Defendants)**

26      60.    PLAINTIFF realleges and incorporates herein by reference each and every foregoing

27  paragraph of this Complaint as if set forth in full.

28      61.    PLAINTIFF complains and alleges this cause of action against all Individual Defendants.

1      62.    Defendants conduct in doing the acts and/or omissions as set forth above acted in a

2 manner that is outrageous.

3      63.    Defendants' committed the outrageous acts or omissions intentionally or in reckless

4 disregard of the probability of causing PLAINTIFF emotional distress.

5      64.    As a direct and proximate result of Defendants' outrageous acts or omissions,

6 PLAINTIFF suffered the damages described above.

7 **FIFTH CLAIM FOR RELIEF**

8 **(Intentional Interference with Contractual Relations—KFHP)**

9 **(Against All Individual Defendants Employed By Defendant FDOR)**

10      65.    PLAINTIFF realleges and incorporates herein by reference each and every foregoing

11 paragraph of this Complaint as if set forth in full.

12      66.    PLAINTIFF complains and alleges this cause of action against all Individual Defendants

13 employed by Defendant FDOR.

14      67.    Defendants' committed the outrageous acts or omissions intentionally or in reckless

15 disregard of the probability of harming PLAINTIFF.

16      68.    As a direct and proximate result of Defendants' outrageous acts or omissions,

17 PLAINTIFF suffered the damages described above.

18 **SIXTH CLAIM FOR RELIEF**

19 **(Intentional Interference with Contractual Relations—BoA)**

20 **(Against All Individual Defendants Employed By Defendant CHHS)**

21      69.    PLAINTIFF realleges and incorporates herein by reference each and every foregoing

22 paragraph of this Complaint as if set forth in full.

23      70.    PLAINTIFF complains and alleges this cause of action against all Individual Defendants

24 employed by Defendant CHHS.

25      71.    Defendants' committed the outrageous acts or omissions intentionally or in reckless

26 disregard of the probability of harming PLAINTIFF.

27      72.    As a direct and proximate result of Defendants' outrageous acts or omissions,

28 PLAINTIFF suffered the damages described above.

## SEVENTH CLAIM FOR RELIEF

### (Fraud)

### (Against All Individual Defendants)

73.     PLAINTIFF realleges and incorporates herein by reference each and every foregoing paragraph of this Complaint as if set forth in full.

74.     PLAINTIFF complains and alleges this cause of action against all Individual Defendants.

75.     Individual Defendants and their agents have knowingly misrepresented, omitted, and/or concealed material facts in their reports, investigations and representations before and/or on behalf of California courts, and in their communications to PLAINTIFF. Each and every Individual Defendant has personally engaged in this conduct, or knew or should have known that other Individual Defendants were engaged in it on his or her behalf. These false representations are detailed throughout this Complaint and include falsified reports, the true authorship of them, the denial of any improper contact with each other, the supposed independence and neutrality of Defendants and their reports, investigations and representations, and the fraudulent endorsements of those reports, investigations and representations.

76.     Defendants made and/or conducted these false reports, sham investigations and representations while knowing that their misrepresentations were materially false and/or that their omissions were material.

77.     Defendants further made these misrepresentations and/or omissions in their reports, sham investigations and representations to California courts with the intent of obtaining favorable rulings and/or actions from them, enabling Defendant FDOR'S and CHHS'S employees to harass, intimidate and otherwise harm PLAINTIFF and his interests, and to propagate false and defamatory information about PLAINTIFF to court staff, other employees of Defendants FDOR and CHHS, private individuals and corporations in contractual relationships with PLAINTIFF and members of the public.

78.     These material misrepresentations and/or omissions have been reasonably and justifiably relied upon to their detriment by PLAINTIFF, the California courts, other local, state and federal government agencies, employees and officials, and PLAINTIFF'S former employer and prospective employers and other associations capable of producing legitimate economic advantages for PLAINTIFF.

1  By means of their misrepresentations, omissions and repeated failures to take meaningful corrective
2  action, Defendants have thus unjustly profited at PLAINTIFF'S unjust expense.

3      79.    As a direct, proximate, and foreseeable result of Defendants' fraud, PLAINTIFF has been
4  and will continue to be harmed, including significant fundamental liberty interest, pecuniary,
5  reputational, and other damages. These injuries include significant damage to PLAINTIFF'S reputation,
6  and the attorneys' fees and costs to defend himself against objectively baseless, improperly motivated
7  sham reports, investigations, defamatory findings, void orders, and malicious prosecutions, including
8  attorneys' fees and costs associated with exposing the Defendants' pervasive fraud in the U.S. District
9  Court for the Northern District of California.

10      80.    Defendants have engaged in the malicious, willful, and fraudulent commission of
11  wrongful acts and, because of the reprehensible and outrageous nature of these acts, PLAINTIFF is
12  entitled to, and should be awarded, punitive damages against each of the Defendants.

13      81.    PLAINTIFF is further entitled to, and should be awarded, preliminary and permanent
14  injunctions against Defendants, their assignees and anyone else acting in concert with them from
15  commencing, prosecuting, or advancing in any way—directly or indirectly—any attempt to enforce an
16  alleged child support obligation against PLAINTIFF toward Grace in any court, tribunal, or
17  administrative agency in any jurisdiction, in the United States or abroad, including any further attempts
18  to search or seize PLAINTIFF or his property, whether pre-judgment or otherwise, until this Court
19  determines the merits and enters judgment on PLAINTIFF'S claims against the Defendants in this
20  action.

21                          **EIGHTH CLAIM FOR RELIEF**

22                                **(Defamation)**

23                          **(Against All Individual Defendants)**

24      82.    PLAINTIFF realleges and incorporates herein by reference each and every foregoing
25  paragraph of this Complaint as if set forth in full.

26      83.    PLAINTIFF complains and alleges this cause of action against all Individual Defendants.

27

28

1    84.    Each and every Individual Defendant either intentionally or negligently published false

2    statements, without privilege, about PLAINTIFF and/or held PLAINTIFF out in false light as described

3    above.

4    85.    As a direct and proximate result of Defendants' actions, PLAINTIFF suffered the

5    damages described above, including harm and injury to his reputation.

6                              **NINTH CLAIM FOR RELIEF**

7                                  **(Negligence)**

8                         **(Against All Individual Defendants)**

9    86.    PLAINTIFF realleges and incorporates herein by reference each and every foregoing

10   paragraph of this Complaint as if set forth in full.

11   87.    PLAINTIFF complains and alleges this cause of action against all Individual Defendants.

12   88.    Each and every Individual Defendant owed a legal duty of care to PLAINTIFF, but

13   breached her or his legal duty by committing the acts and/or omissions in carrying out the conduct as set

14   forth above.

15   89.    As a direct and proximate result of Defendants' actions, PLAINTIFF suffered the

16   damages described above.

17                              **TENTH CLAIM FOR RELIEF**

18                               **(Trespass to Chattels)**

19                             **(Against All Defendants)**

20   90.    PLAINTIFF realleges and incorporates herein by reference each and every foregoing

21   paragraph of this Complaint as if set forth in full.

22   91.    PLAINTIFF complains and alleges this cause of action against all Individual Defendants.

23   92.    As set forth above, the Individual Defendants have engaged in a pattern of extortion,

24   collusion, wrongdoing and deceit with intent to interfere with PLAINTIFF'S property, and the alienating

25   mother of PLAINTIFF'S former child has benefited and will continue to benefit from the Individual

26   Defendants' criminal scheme. By their actions, including maliciously prosecuting a fraudulent case,

27   manufacturing false evidence, tampering with testimony and other evidence, disseminating misleading

28   statements to courts, the public and other government employees, and otherwise engaging in the

1  pressure campaign described in the foregoing paragraphs of this Complaint, the Individual Defendants
2  have intentionally, and without justification or consent, interfered and intermeddled with PLAINTIFF'S
3  use and enjoyment of his funds, legal claims and other property that were intended for PLAINTIFF'S
4  efforts to reunite with his only child, who is now 10 years old, and other lawful purposes, including
5  protection and/or enhancement of his good reputation.

6       93.    PLAINTIFF has been harmed and the use of his property has been interfered with and
7  disturbed when his property, resources, and funds were necessarily redirected from their intended uses to
8  defend against the Individual Defendants' fraudulent allegations and misleading pressure campaign. For
9  example, PLAINTIFF has been forced by the Individual Defendants' intentional and wrongful conduct
10  to expend funds and other resources defending against fraudulent prosecution related to a non-existent
11  child support obligation, pursuing other legal relief, uncovering the Individual Defendants' fraud
12  through investigations (with which the Individual Defendants have continually interfered and which they
13  have unduly delayed), responding to false and misleading reports of PLAINTIFF'S conduct which have
14  been induced by the Individual Defendants, and maintaining an ongoing effort to provide accurate
15  information about PLAINTIFF and other aspects of the Individual Defendants' fraud to the private
16  individuals, media, investigators, a former employer, potential employers, the state and federal
17  government and the public.

18       94.    PLAINTIFF also has been harmed in that Defendants' conduct has damaged
19  PLAINTIFF'S reputation, thus interfering with his interest in the public, employer and community
20  goodwill toward it. Public and employer awareness of and positive associations with PLAINTIFF'S
21  name are among his most valuable assets, and PLAINTIFF has invested substantial resources into
22  building his good reputation. The Individual Defendants have intentionally sought to reduce and/or
23  threaten to reduce the value of his reputation as part of their extortionate scheme. On information and
24  belief, a key element of the Individual Defendants' strategy is to impose upon PLAINTIFF the cost of
25  his sullied reputation before courts and among investigators, employers, community members, private
26  individuals and others from whom he could otherwise gain advantages, including economic advantages.

27

28

95.     The harms suffered by PLAINTIFF are the direct, proximate, and reasonably foreseeable results of the Individual Defendants' acts of intentional interference with PLAINTIFF'S funds, legal claims, reputation, relationships and goodwill.

96.     Defendants have engaged in the malicious, willful, and fraudulent commission of wrongful acts and, because of the reprehensible and outrageous nature of these acts, PLAINTIFF is entitled to, and should be awarded, punitive damages against each of the Defendants.

97.     PLAINTIFF is further entitled to, and should be awarded, preliminary and permanent injunctions that enjoin Defendants, their assignees, and anyone else acting in concert with them— including any employees or associates of Defendants FDOR and/or CHHS—from commencing, prosecuting, or advancing in any way—directly or indirectly—any attempt to recognize or enforce an alleged child support obligation against PLAINTIFF toward Grace in any court, tribunal, or administrative agency in any jurisdiction, in the United States or abroad, including any attempt to search or seize PLAINTIFF and/or any of PLAINTIFF'S property under the pretenses of that document unless and until this Court determines the merits and enters judgment on PLAINTIFF'S claims against the Defendants in this action.

## ELEVENTH CLAIM FOR RELIEF

### (Civil Conspiracy)

### (Against All Defendants)

98.     PLAINTIFF realleges and incorporates herein by reference each and every foregoing paragraph of this Complaint as if set forth in full.

99.     As set forth above, Defendants have committed torts against PLAINTIFF, including acts violating his civil rights protected by state and federal law, malicious prosecution, intentional infliction of emotional distress, fraud, defamation, negligence, and trespass to chattels.

100.    Defendants agreed to participate in a common scheme against PLAINTIFF. Defendants intentionally participated in the furtherance of a plan or purpose to obtain property from PLAINTIFF. In furtherance of this plan or purpose, Defendants committed overt and unlawful acts as alleged herein.

101.    As a direct and proximate result of Defendants' conspiracy, the overt acts committed in furtherance of that conspiracy, and the torts committed against PLAINTIFF, PLAINTIFF has been

1  damaged in his employment, property and relationships, and further damage to PLAINTIFF'S

2  employment, property and relationships is threatened and imminent.

3      102.    Defendants have engaged in the malicious, willful, and fraudulent commission of

4  wrongful acts and, because of the reprehensible and outrageous nature of these acts, PLAINTIFF is

5  entitled to, and should be awarded, punitive damages against each of the Defendants.

6      103.    PLAINTIFF is further entitled to, and should be awarded, preliminary and permanent

7  injunctions that enjoin Defendants, their assignees, and anyone else acting in concert with them—

8  including any employees or associates of Defendants FDOR and/or CHHS—from commencing,

9  prosecuting, or advancing in any way—directly or indirectly—any attempt to recognize or enforce an

10  alleged child support obligation against PLAINTIFF toward Grace in any court, tribunal, or

11  administrative agency in any jurisdiction, in the United States or abroad, including any attempt to search

12  or seize PLAINTIFF and/or any of PLAINTIFF'S property under the pretenses of that document unless

13  and until this Court determines the merits and enters judgment on PLAINTIFF'S claims against the

14  Defendants in this action.

15  **TWELFTH CLAIM FOR RELIEF**

16  **(*Monell* Violations of 42 U.S.C. § 1983)**

17  **(Against Defendants FDOR and CHHS)**

18      104.    PLAINTIFF realleges and incorporates herein by reference each and every foregoing

19  paragraph of this Complaint as if set forth in full.

20      105.    PLAINTIFF complains and alleges this cause of action against Defendants FDOR and

21  CHHS.

22      106.    The violations of PLAITIFF'S constitutional and other federal rights as well as the

23  federal crimes perpetrated against him by the Individual Defendants were caused by the policies and

24  customs of Defendants FDOR and CHHS as described above.

25      107.    As a direct and proximate result of Defendants' actions, PLAINTIFF suffered the

26  damages described above.

27  **THIRTEENTH CLAIM FOR RELIEF**

28

**(Request for Declaratory Judgment That PLAINTIFF Does Not Have a Child Support Obligation**

**Toward Grace)**

**(Against All Defendants)**

108.    PLAINTIFF realleges and incorporates herein by reference each and every foregoing paragraph of this Complaint as if set forth in full.

109.    PLAINTIFF is entitled to a declaratory judgment that he does not have a child support obligation toward Grace pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

110.    A declaratory judgment will not improperly increase friction between sovereign legal systems or encroach on the proper domain of a state court because no court has a right to impose fraudulent obligations for child support.

111.    By this claim, PLAINTIFF seeks a declaratory judgment that he does not have a child support obligation toward Grace, including but not limited to under the United States Constitution, federal common law, Florida law and/or California law principles, on, among others, grounds of termination of his parental rights, fraud, failure to afford procedures compatible with due process, lack of impartial tribunals, and contravention of public policy.

112.    By reason of the fraudulent acts and fundamentally unfair proceedings described in this Complaint that have given rise to the damage done to PLAINTIFF, an actual and justiciable controversy has arisen and now exists between PLAINTIFF and the Defendants as to whether there is a child support obligation from PLAINTIFF to Grace in the United States. There is also a pressing need to establish that PLAINTIFF is safe from Defendants' further fraudulent and other wrongful acts. Defendants' actions on behalf of themselves, each other, and the alienating mother of PLAINTIFF'S former child have damaged and are threatening to continue damaging PLAINTIFF. Unless the controversy between the parties is resolved, the Defendants and/or their beneficiaries will continue to harm PLAINTIFF and will extort further payoffs from him.

113.    PLAINTIFF has no adequate remedy at law. A declaratory action is necessary and useful in resolving and disposing of the question of whether a child support obligation from PLAINTIFF to Grace exists, and is the best and most effective remedy for finalizing the controversy between the parties as to this issue and for relieving PLAINTIFF from the expensive and damaging uncertainty surrounding

1  future claims to such an obligation. PLAINTIFF is entitled to have that question settled promptly so he
2  may continue exercising his civil rights without the threat of false claims to such an obligation being
3  used against him.

4      114.  PLAINTIFF is further entitled to, and should be awarded, preliminary and permanent
5  injunctions that enjoin Defendants, their assignees, and anyone else acting in concert with them—
6  including any employees or associates of Defendants FDOR and/or CHHS—from commencing,
7  prosecuting, or advancing in any way—directly or indirectly—any attempt to recognize or enforce an
8  alleged child support obligation against PLAINTIFF toward Grace in any court, tribunal, or
9  administrative agency in any jurisdiction, in the United States or abroad, including any attempt to search
10  or seize PLAINTIFF and/or any of PLAINTIFF'S property under the pretenses of that document unless
11  and until this Court determines the merits and enters judgment on PLAINTIFF'S claims against the
12  Defendants in this action.

13  **FOURTEENTH CLAIM FOR RELIEF**

14  **(Request for Injunction and Declaratory Judgment Pursuant to California CCP § 526a)**
15  **(Against All Defendants Employed by CHHS)**

16      115.  PLAINTIFF realleges and incorporates herein by reference each and every foregoing
17  paragraph of this Complaint as if set forth in full.

18      116.  PLAINTIFF is entitled to injunctive relief and a declaratory judgment regarding the
19  unlawful enforcement against PLAINTIFF of a non-existent child support obligation toward Grace
20  pursuant to California CCP § 526a, which provides a cause of action to taxpayers to enjoin any state
21  agency or a local government entity from carrying on any unlawful actions. See *Cates v. Cal. Gambling*
22  *Control Comm'n*, 154 Cal.App.4th 1302, 65 Cal. Rptr.3d 513, 518 (2007).

23      117.  Defendants employed by CHHS, in their official capacities, including the Secretary of
24  CHHS, continue to violate the First, Fourth, Fifth and Fourteenth Amendments by, *inter alia*, requiring
25  certain state citizens who are overwhelmingly male to pay non-existent child support obligations or face
26  deprivations of liberty and property without due process of law.

27      118.  PLAINTIFF therefore seeks an injunction under the foregoing statute preventing
28  Defendants from expending state funds in this unconstitutional manner.

**PRAYER FOR RELIEF**

PLAINTIFF has suffered and is suffering the injuries and damages described above, including severe emotional distress, economic loss, pain, suffering, anxiety, medical complications, damage to reputation, deprivation of rights and other injuries and harm as may be determined by the trier of fact.

WHEREFORE PLAINTIFF prays judgment against each and every Defendant and seeks damages in an amount greater than $75,000 to be determined as follows:

1. Compensatory Damages;
2. Special Damages
3. General and Punitive Damages;
4. Damages for Emotional Distress;
5. Pain and Suffering Damages;
6. Economic Damages;
7. Statutory Damages;
8. Attorney Fees;
9. Interest and Costs of the action;
10. Preliminary and Permanent Injunctive Relief;
11. Declaratory Relief; and,
12. Any other damages and/or legal and equitable relief as the Court finds appropriate and just.

Dated: October 23, 2014

MICHAEL GEARY WILSON

**DEMAND FOR JURY TRIAL**

PLAINTIFF demands a jury trial on all issues and causes of action related to this complaint.

Dated: October 23, 2014

MICHAEL GEARY WILSON

1

**APPENDIX A**

2

**(Certified Copy of a California Court Order Entered October 24, 2011 Confirming the**

3

**Enforceability in California of an Attached Florida Court Order Entered June 13, 2011**

4

**Terminating PLAINTIFF'S Parental Rights)**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**IN AND FOR THE COUNTY OF ALAMEDA**

DATE: October 24, 2011                    DEPARTMENT 302

HON. Judge Ioana Petrou          Deborah Wanzo, Deputy Clerk

**F I L E D**
~~ALAMEDA COUNTY~~

In the Marriage of

**Jamie Caroline Wilson, Petitioner**

**OCT 24 2011**

**Case No. AF11598935**

Exec. Off./Clerk

**Vs.**

By_____

**Michael Geary Wilson, Respondent.**

---

### MINUTE ORDER

Mr. Michael Geary Wilson filed an ex parte application entitled "Petition for Enforcement of Out-of-State Custody Determination" on October 20, 2011 with the Alameda County Superior Court.

The out of state custody order that Mr. Wilson seeks to enforce was not attached to the application or any subsequent filing but, rather, a July 13, 2009 "Hearing Disposition Form" was provided.

The application is DENIED for the following reasons:

(1) Mr. Wilson did not submit an actual custody order that he is seeking to enforce; and

(2) The 2009 custody order has been modified by a subsequent order dated June 13, 2011 out of the Circuit Court of the Eighth Judicial Circuit, in and for Alachua County, Florida, which is attached hereto.

The Court further ORDERS that if Mr. Wilson files any further pleadings in this matter they must be provided to counsel for Ms. Jami Caroline Wilson, whose contact information is set forth below:

Darby Hertz
Hertz & Kearns
618 NE 1st Street
Gainesville, FL 342601
Telephone: (352) 378-2268
Facsimile: (352) 378-2269

**Judge Ioana Petrou**

IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT,
IN AND FOR ALACHUA COUNTY, FLORIDA

RECORDED IN OFFICIAL RECORDS
INSTRUMENT # 2650653  2 PG(s)
June 15, 2011  09:46:16 AM
Book 4037 Page 2302
J. K. IRBY  Clerk of Circuit Court
ALACHUA COUNTY, Florida

IN RE: The Marriage of

JAMI CAROLINE WILSON,

      Former Wife, .

and

MICHAEL GEARY WILSON,

      Former Husband.

_____/

CASE NO. 2009-DR-1544
DIVISION "F"

## SUPPLEMENTAL FINAL JUDGMENT MODIFYING PARENTING PLAN

    THIS CAUSE came before the Court for non-jury trial regarding the Former Wife's Supplemental Petition for Modification of Final Judgment. Contrary to the Court's direction to do so, the Former Husband failed to appear personally. The Former Husband has been served and has, in any event, submitted himself to the jurisdiction of this Court by seeking affirmative relief in this Court.

    Upon the evidence presented, the Court finds that there has been a substantial permanent change in circumstances regarding parental responsibility and time-sharing. Specifically, the Former Husband has since the date of the Final Judgment moved from the State of Florida to the State of California, and has not had any significant contact or involvement in the parties' child's life since that time. In addition, the contacts that he has had have been disruptive and emotionally harmful to the child. The evidence clearly shows that the Former Husband's participation in joint parental responsibility as well as time-sharing with the parties' minor child would not be in the best interests of said minor child and in fact would be detrimental. Accordingly, it is hereby

    ORDERED AND ADJUDGED that the Former Wife's Petition for Modification is GRANTED as follows:

    1.    The Former Wife shall have sole parental responsibility for the parties' minor child

and shall make all decisions regarding the care and wellbeing of said minor child.

2.    The Former Husband shall have no time-sharing of any kind with the minor child until

further Order of the Court.

DONE AND ORDERED in Chambers at Gainesville, Alachua County, Florida, this ____ day

of June, 2011.

<br>

TOBY S. MONACO, Circuit Judge

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by
regular U.S. Mail or hand delivery, this ____ day of June, 2011, to:

Michael Geary Wilson
1951 Telegraph Avenue, Ste 210
Oakland, CA  94612

Darby F. Hertz, Esq.
618 NE First Street
Gainesville, FL   32601

<br>

Mary A. Jarvis, Judicial Assistant



J. K. Irby, Clerk of the Circuit & County Court,
Eighth Judicial Circuit of Florida, in and for
Alachua County, hereby certifies this to be a
true and correct copy of the document now of
record in this office. Witness my hand and seal
this ____ day of _____, 2011
J. K. Irby, Clerk of the Circuit & County Court
By _____
        Deputy Clerk

Page 2 of 2

## CLERK'S CERTIFICATE OF SERVICE BY MAIL
### CCP 1013a(3)

**CASE NAME: Wilson vs Wilson**
**ACTION NO: AF11598935**

I certify that, I am not a party to the within action. I service a copy of the forgoing
Order dated, *October 24, 2011* by depositing a true copy
thereof in the United States mail in Alameda, California on October 24, 2011, in a sealed
envelope with postage fully prepaid thereon addressed to:

Michael Geary Wilson                    Jami Caroline Wilson
1951 Telegraph Ave., Ste 210            C/O Darby Hertz
Oakland, CA  94612                      Hertz & Kearns
                                        618 NE 1ST Street
                                        Gainesville, FL  32601

I declare under penalty of perjury that the following is true and correct executed
October 24, 2011, in Alameda,  California.

Patricia Sweeten
Executive Officer/Clerk

_____
Deputy Clerk.



SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA
The foregoing instruments are true and
correct copies of the original
on file in this office

ATTEST:    SEP 0 5 2014

CLERK OF THE SUPERIOR COURT

By

MICHELLE ESCHERRA Deputy