UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GEARY WILSON,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF CONTRA COSTA, et al.,<br><br>    Defendants. | Case No. 14-cv-04726-JCS<br><br>**ORDER GRANTING IN PART MOTION TO DISMISS AND PARTIALLY STAYING CASE**<br><br>Re: Dkt. No. 36 |

## I. INTRODUCTION

Plaintiff Michael Geary Wilson, proceeding pro se, initiated this action October 24, 2014 and requested to proceed in forma pauperis. The Court granted that request and performed the required review of his complaint pursuant to 28 U.S.C. § 1915, first reviewing an amended complaint filed on November 10, 2014 and then reviewing Plaintiff's Second Amended Complaint, filed on February 14, 2014. On June 9, 2015, the Court issued an order dismissing numerous claims and defendants ("June 9 Order"). In the June 9 Order, the Court found that the following claims were sufficiently alleged to survive the Court's review under 28 U.S.C. § 1915: 1) Plaintiff's individual claims under 42 U.S.C. § 1983 based on alleged violations of his First Amendment and Due Process rights by Defendants Dippel, Self, Linnell and Cardenas; 2) Plaintiff's § 1983 claims against Contra Costa County, asserted under *Monell*; and 3) Plaintiff's Bane Act claim against Defendants Cardenas and Dippel. The Court also permitted Plaintiff to proceed with his request for a declaratory judgment pursuant to 28 U.S.C. § 2201(a). The Court ordered service by the U.S. Marshal on Defendants Dippel, Self, Linnell, Cardenas and Contra Costa County. These defendants filed a Motion to Dismiss ("Motion") on July 16, 2015, which is presently before the Court. *See* Docket No. 36. Plaintiff did not file an opposition brief and the

time to do so has now passed.  *See* Civ. L. R. 7-3.

The Court finds that the Motion is suitable for determination without oral argument and therefore VACATES the hearing set for **August 21, 2015**.  For the reasons stated below, the Motion is GRANTED in part to the extent that the Court dismisses with leave to amend Plaintiff's claims asserted on the basis of the alleged First Amendment violation that occurred on August 19, 2014 ("the First Amendment Claims").[1]  The claims that are based on Plaintiff's allegation that he has been denied his constitutional right to Due Process in connection with efforts to collect child support payments ("the Due Process Claims")[2] are STAYED pending resolution of the pending state court action addressing Plaintiff's child support obligations.[3]

## II. THE MOTION[4]

In the Motion, Defendants assert that all of the claims that the Court found survived its review under 28 U.S.C. § 1915 are deficient and should be dismissed pursuant to Rules 12(b)(1) and 12(b)(6).  With respect to the First Amendment Claims, Defendants contend these claims fail as to Defendants Self and Linnell because Plaintiff has not alleged any specific facts showing that those defendants were personally involved in the alleged First Amendment violation.  Motion at 9 (citing *Dunsmore v. Cash*, 2013 U.S. App. LEXIS 24658, at ** 1-2 (9th Cir. Nov. 19, 2013)).  With respect to Defendants Cardenas and Dippel, Defendants assert the First Amendment Claims fail because there are no factual allegations showing that these Defendants were aware of any protected activity on Plaintiff's part at the time they were alleged to have retaliated against Plaintiff for exercising his First Amendment rights.  *Id*. (citing *Cooper v. Cate*, 2011 U.S. Dist.

---

[1] The First Amendment Claims are: 1) Plaintiff's Claim under 42 U.S.C. § 1983 to the extent it is based on the alleged violation of his First Amendment rights by Defendants Dippel, Self, Linnell, and Cardenas on August 19, 2014; 2) Plaintiff's claim under *Monell* against Contra Costa County based on the same alleged First Amendment violation; 3) Plaintiff's claim under the Bane Act against Defendants Cardenas and Dippel; and 4) the request for a Declaratory Judgment to the extent it is seeking a declaratory judgment as to the preceding claims.

[2] The Due Process Claims are:  1) Plaintiff's Claim under 42 U.S.C. § 1983 to the extent it is based on the alleged violation of his Due Process rights;  2) Plaintiff's claim under *Monell* against Contra Costa County based on the same alleged violations; and 3) the request for Declaratory Judgment to the extent it is seeking a declaratory judgment as to the preceding claims.

[3] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

[4] In its June 9 Order, the Court summarized the factual allegations and legal claims in the Second Amended complaint and therefore does not repeat them here.

2

LEXIS 134768, at *22-23 (E.D. Cal. Nov. 15, 2011); *Keyser v. Sacramento City Unified Sch. Dist.*, 265 F.3d 741, 751 (9th Cir. 2001)).

As to the Due Process Claims, Defendants challenge these claims on the merits[5] but also ask the Court, as an alternative to dismissal of these claims, to stay proceedings under the *Colorado River* doctrine pending the resolution of state court proceedings in Contra Costa Superior Court, Case No. F 14-01120 ("the State Court Proceedings"). Motion at 18-22. Those proceedings, Defendants contend, address the child support obligations that are at the heart of Plaintiff's Due Process Claims in this action. *Id.*; *see also* Request for Judicial Notice "RJN"), Docket No. 39; Baker Decl., Exs. A-D (documents filed in State Court Proceedings); Supplemental Request for Judicial Notice ("Supp. RJN"), Docket No. 42; Baker Supp. Decl., Ex. A (July 9, 2015 Order in State Court Proceedings continuing remainder of July 8, 2015 hearing to November 12, 2015).[6]

### III. WHETHER THE FIRST AMENDMENT CLAIMS ARE ADEQUATELY ALLEGED

#### A. Legal Standard

Defendants challenge Plaintiff's First Amendment Claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the basis that Plaintiffs fail to state a claim on which relief can be granted. As a preliminary matter, the undersigned agrees with the court in *Teahan v. Wilhelm*, that a defendant may challenge under Rule 12(b)(6) the claims of a plaintiff who has been granted in forma pauperis status even if the court has already reviewed those claims under 28

---

[5] Because the Court finds that it is appropriate to stay proceedings as to the Due Process Claims, it does not provide a detailed summary of Defendants' substantive challenges to those claims.

[6] Defendants' requests for judicial notice are granted as to the Baker Decl., Exs. A-D and the Baker Supp. Decl., Ex A on the basis that all of these documents are part of the public record in the State Court Proceedings. "Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of papers filed in other courts." *Hott v. City of San Jose*, 92 F. Supp. 2d 996, 998 (N.D. Cal. 2000) (citing *Burbank–Glendale–Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir.1998)). The Court need not reach the question of whether judicial notice may be taken of the August 7, 2014 email from Linda Linnell to Plaintiff. *See* RJN ¶ 5 (requesting judicial notice be taken of Linnell Decl., Ex. A). That document is cited in connection with Defendants' assertion that the individual Defendants are entitled to qualified immunity as to the Due Process Claims. *See* Motion at 16. As the Court does not reach this issue, it also does not decide whether the August 7, 2014 email is subject to judicial notice.

1  U.S.C. § 1915 and found them to be sufficient. As the court in *Teahan* noted, "basic fairness
2  weighs in favor of allowing Defendants to have their motion decided on the merits. At the time of
3  the initial screening, the complaint was liberally construed without the benefit of briefing from
4  Defendants." 481 F. Supp. 2d 1115, 1120 (S.D. Cal. 2007). The legal standard under Rule
5  12(b)(6) is set forth below.

"The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). In ruling on a motion to dismiss under Rule 12(b)(6), the court analyzes the complaint and takes "all allegations of material fact as true and construe[s] them in the light most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that would support a valid theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A plaintiff need not plead a prima facie case in order to survive a motion to dismiss pursuant to Rule 12(b)(6). *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514−15 (2002); *see also Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011) (reaffirming the holding of *Swierkiewicz* in light of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). A complaint must however "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Rather, the claim must be "'plausible on its face,'" meaning that the plaintiff must plead sufficient factual allegations to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 570).

**B.  Discussion**

To prevail on a claim for First Amendment retaliation, Plaintiff must show that: 1) he

4

engaged in expressive conduct on a matter of public concern; 2) a government official took an adverse action against him; and 3) Plaintiff's expressive conduct was a substantial and motivating factor for the adverse action. *See Alpha Energy Savers, Inc. v. Hansen*, 381 F.3d 917, 923 (9th Cir. 2004). To establish the last element, Plaintiff must show that the defendant was *aware* that he engaged in the expressive conduct when he or she took the adverse action. *See Cooper v. Cate,* No. 10-CV-899 AWI DLB, 2011 WL 5554321, at *7 (E.D. Cal. Nov. 15, 2011) (dismissing retaliation claim on the basis that plaintiff had not alleged any facts showing defendant was aware of protected speech and "[w]ithout such knowledge, there can be no retaliatory intent"). Plaintiff has alleged no specific facts as to Defendants Self and Linnell and thus the allegations are insufficient to support the conclusion that they took any adverse action against Plaintiff or that they acted with retaliatory intent. *See* Second Amended Complaint ("SAC") ¶¶ 432-434. With respect to Defendants Cardenas and Dippel, Plaintiff alleges that Cardenas blocked access to the Department of Child Support Services and that Dippel ratified this action, but there is no allegation that either Defendant took these actions with knowledge that Plaintiff had engaged in protected speech. Therefore, the allegations are insufficient to show that they acted with retaliatory intent. Accordingly, the Court finds that Plaintiff has not stated a claim for First Amendment retaliation and that as a consequence, all of his First Amendment Claims are insufficiently pled. Plaintiffs' First Amendment Claims are dismissed with leave to amend.[7]

## IV. WHETHER THE COURT SHOULD STAY PROCEEDINGS ON THE DUE PROCESS CLAIMS PENDING RESOLUTION OF THE STATE COURT PROCEEDINGS

"Federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1256-57 (9th Cir. 1988) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S.

---

[7] The Court notes that Defendants asked the Court to dismiss these claims without leave to amend. See Motion at 3, 6. They have not cited any authority in support of this request, nor have they demonstrated that amendment would be futile as to the First Amendment Claims. It is possible Plaintiff will be able to cure the deficiencies identified by Defendants with respect to his First Amendment retaliation claim. Therefore, the Court finds that it is in the interests of justice to permit Plaintiff to amend as to these claims, particularly in light of his pro se status. *See* Fed. R. Civ. P 15(a)(2) ("The court should freely give leave [to amend] when justice so requires").

800, 817 (1976)). Nonetheless, the Supreme Court has recognized that in "exceptional" circumstances, federal courts should abstain from exercising jurisdiction where there are concurrent state proceedings and abstention promotes "wise judicial administration." *Colorado River*, 424 U.S. at 817-818. The Ninth Circuit has recognized the following factors for determining whether a stay or dismissal under *Colorado River* is appropriate:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978-79 (9th Cir. 2011). Consideration of these factors supports entry of a stay in this action.

The State Court Proceedings began in June 2014, when three Florida child support orders were registered in Contra Costa Superior Court. *See* Baker Decl., Ex. A (Notice of Registration of Out-of-State Support Order, filed June 19, 2014). Plaintiff challenged the registrations and requested a hearing, attaching a document entitled "Reasons to Vacate" that includes lengthy factual allegations and arguments as to why the orders of the Florida court should not be enforced. *Id.*, Ex. B. Those arguments duplicate in many respects Plaintiff's allegations in this action. The State Court Proceedings are well beyond the pleading stage; a hearing on the merits began on July 8, 2015 and was continued to November 12, 2015. Baker Supp. Decl., Ex. A (Order After Hearing, filed July 9, 2015, in State Court Proceedings). Consequently, it is in the interest of judicial efficiency and will avoid piecemeal litigation to stay this action pending resolution of the State Court Proceedings. A stay in this action is particularly appropriate because the State Court is more experienced in adjudicating issues relating to child support. Moreover, resolution of Plaintiff's claim that he has been denied procedural due process with respect to the enforcement in California of the Florida child support orders will depend on what occurs in the State Court Proceedings.

## V. CONCLUSION

For the reasons stated above, the First Amendment Claims are dismissed with leave to amend. Plaintiff may file an amended complaint within thirty (30) days of the date of this Order. **In his amended complaint, Plaintiff may not add any new claims, theories or defendants.** The Court grants Plaintiff leave to amend **only** to allege specific facts in support of his claim that the four individual defendants who have been served (Cardenas, Self, Dippel and Linnell) violated his First Amendment rights in connection with the events that occurred on August 19, 2014. The remaining claims in this action are STAYED pending resolution of the State Court Proceedings. Defendants are instructed to notify the Court within fourteen (14) days of the dismissal and/or entry of any final judgment in those proceedings.

**IT IS SO ORDERED.**

Dated: August 14, 2015

_____
JOSEPH C. SPERO
Chief Magistrate Judge

7